UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**JAMES HARRISON**                                                                     **PLAINTIFF**

v.                                                  **CIVIL ACTION NO. 3:13-CV-P386-S**

**STEVE BRESHEAR et al.**                                             **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, James Harrison, has filed this *pro se* action on a 42 U.S.C. § 1983 form. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff, who is currently incarcerated at the Luther Luckett Correctional Complex, was charged with murder in February 1986 and convicted by a jury who fixed his penalty at life without benefit of probation or parole until a minimum of 25 years of the sentence. He sues "Steve Breshear,"[1] Governor of Kentucky; J. Michael Brown, Secretary of Justice; LaDonna H. Thompson, Kentucky Department of Corrections (KDOC) Commissioner; John Hall, KDOC Offenders Information Service; Clark Taylor, Warden of the Kentucky State Reformatory; and Larry Chandler, Kentucky Parole Board Chair. He argues that Defendants have applied subsequent laws, not in effect when he was convicted of his crimes, in violation of the Ex Post Facto Clause, the Due Process Clause, the Equal Protection Cclause, double jeopardy, *Apprendi*, fundamental fairness, and the right to a jury trial. He states that he does not challenge the

---

[1] The Court takes judicial notice that the correct spelling of the Governor's name is "Beshear."

judgment and sentence but rather the enforcement thereof and its finality. He alleges Defendants acted in a way that denied calculation and determination of availability of probation and parole.

Plaintiff also claims that he is being denied access to the courts to fully present his issues because of Defendants' failure and/or refusal to hire a sufficient number of legal aides and because the law library's Nexus Lexus computer system does not allow access to Kentucky statutes and corrections policies prior to 1992 or to any federal or state digests.

Plaintiff asks for monetary, punitive and injunctive relief. The injunctive relief he seeks is an order prohibiting Defendants from violating federal rights and applying changes in the law after the commission of the offense and a declaration directing Defendants to calculate the judgment correctly and determine probation and parole availability and/or suitability as the law stood during the commission of the offense in 1986.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of*

*Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Claim relating to judgment and sentence*

Where a prisoner is challenging the fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (internal quotation marks and citations omitted); *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

Since Plaintiff challenges the legality of his confinement, it falls within the "core" of habeas corpus and thus may not be bought under § 1983. *Nelson*, 541 U.S. at 643. Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (per curiam) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994); (2) differing defendants; (3) differing standards of § 1915(a)(3) and § 2253(c); (4) differing fee requirements; and (5) potential application of second or successive petition doctrine or three-strikes rules of

§ 1915(g)).

*Access-to-court claim*

Plaintiff's claim regarding his access to the court due to an inadequate number of legal aides and due to inadequacies of the computer search engine also must be dismissed. "The First Amendment protects an inmate's right to access to the courts, but not necessarily his access to all the legal assistance or materials he may desire." *Tinch v. Huggins*, No. 99-3436, 2000 WL 178418, at *1 (6th Cir. Feb. 8, 2000) (citing *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985)).

To state a claim for denial of access to the courts, Plaintiff must demonstrate that he suffered actual injury. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). This injury requirement is not satisfied by just any type of frustrated legal claim. *Id.* A prison official may be held liable for the deprivation of this First Amendment right only to the extent that his or her actions prevented a prisoner from pursuing or caused the rejection of a specific criminal defense, non-frivolous direct appeal, habeas corpus application, or civil rights action. *Id.*; *Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999). A plaintiff must show, "for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Lewis*, 518 U.S. at 356 (advising that no actual injury occurs without a showing that such a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented"). Plaintiff does not allege that he suffered any actual injury due to the conditions he describes in his complaint. Consequently, his access-to-court claim will be dismissed for failure to state a claim.

## III. CONCLUSION

For the foregoing reasons, the Court will by separate Order dismiss Plaintiff's claims.

Date: May 10, 2013

                                                 **Charles R. Simpson III, Senior Judge**
                                                  **United States District Court**

cc:      Plaintiff, *pro se*
           Defendants
4411.009